

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation, | ) ) ) ) | Case No. **00-6235** |
| | ) | Magistrate Judge **CIV-UNGARO-BENAGES** |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT**     **MAGISTRATE JUDGE BROWN** |
| JAMES F. MAJOR; SUSAN MAJOR; PANGO-PANGO SWIMWEAR CORPORATION; and SUSANE'S NAIL SALON, | ) ) ) ) | (Temporary and Permanent Injunctive Relief Demanded) |
| Defendants. | ) ) ) ) | |

1.  Plaintiff, CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation, sues the defendants, JAMES F. MAJOR; SUSAN MAJOR; PANGO-PANGO SWIMWEAR CORPORATION; and SUSANE'S NAIL SALON, for injunctive relief, declaratory judgment, attorney's fees, and costs pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181, et seq.

STATUTORY BACKGROUND

2.  On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights its for individuals with disabilities, including the right to full and equal enjoyment of the goods, services facilities, privileges, and access to places of public

1



accommodation.

3.    The Congressional statutory findings include:

   a.    "some 43,000,000 Americans have one or more physical or mental disabilities";

   b.    "historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem";

   c.    "discrimination against individuals with disabilities persists in such critical areas as . . . public accommodations";

   d.    "individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminatory effects of architectural . . . barriers"; [and]

   e.    "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

4.    Congress went on to state explicitly the purpose of the ADA to be:

   a.    "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities";

   b.    "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities"; [and]

   c.    "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b).

5.    Pursuant to 42 U.S.C. § 12182 and 28 C.F.R. § 36.201(a), no place of public accommodation

shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

6.    Congress gave places of public accommodation one and a half years to implement the Act. The effective date of Title III of the American with Disabilities Act was January 26, 1992, or January 26, 1993, if the place of public accommodation had ten (10) or fewer employees and gross receipts of $500,000.00 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a).

## JURISDICTION AND VENUE

7.    This action arises from violations of Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12181, et seq., as more fully set forth herein.

8.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9.    Remedy for declaratory judgment is provided for in 28 U.S.C. §§ 2201 and 2201.

10.    Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the defendants are doing business in this judicial district.

11.    Despite Congress having given places of public accommodation one and a half years to implement the Act – and despite the additional passage of several more years – defendants have not eliminated barriers at the place(s) of public accommodation that they own, lease, lease to and/or operate at a building called The Major Building and at businesses called Pango-Pango Swimwear and Susane's Nail Salon located at 1905 E. Atlantic Boulevard, Pompano Beach, Florida. For example, the parking lot has no handicap accessible parking spaces and the access from the parking area on the side of the building is gravel and not ramped.

3

12.    Plaintiff has written to the managers at the places of public accommodation called Pango-Pango Swimwear and Susane's Nail Salon which are owned, leased, leased to and/or operated by defendants and requested that the places of public accommodation be made accessible. However, those requests have resulted neither in the removal of architectural barriers nor in a commitment to remove those barriers.

13.    Pursuant to the Americans with Disabilities Act 42 U.S.C. § 12182(b)(2)(A)(iv), and the federal regulations promulgated pursuant to this Act, defendants were to make their place(s) of public accommodation accessible by January 26, 1992, or January 26, 1993, if the defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less. To date, the place(s) of public accommodation have not been made accessible as required by the Americans with Disabilities Act.

14.    By failing to remove architectural barriers where such removal is readily achievable, defendants have discriminated and continue to discriminate against the plaintiff and its members in violation of the Americans with Disabilities Act.

15.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182(a), and the federal regulations promulgated by the U.S. Department of Justice, 28 C.F.R. § 36.305, if removal of a barrier is not readily achievable, accommodation must be made available through alternative methods.

16.    By failing to remove architectural barriers to access as required by the Americans with Disabilities Act, defendants have discriminated against plaintiff and its members in violation of the Americans with Disabilities Act.

17.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182(a), and the federal

4

regulations promulgated pursuant to this Act, defendants cannot discriminate against persons with disabilities solely based on their disability.

18.    Accordingly, plaintiff seeks to redress its and its members' rights under the Americans with Disabilities Act and request this Court issue injunctive and declaratory relief against defendants to end the ongoing discrimination.

## THE PARTIES AND STANDING

19.    Plaintiff, Citizens Concerned About Disability Access, Inc. is a non-profit Florida corporation.

20.    The members of this organization include individuals with disabilities as defined by the Americans with Disabilities Act.

21.    Plaintiff brings this action on behalf of itself and its handicapped members who have disabilities as defined by the Americans with Disabilities Act.

22.    This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

23.    Plaintiff and its members have suffered and will continue to suffer direct and indirect injury as a result of the defendants' discrimination until defendants are compelled to comply with the requirements of the Americans with Disabilities Act.

24.    Plaintiff has also been discriminated against because of its association with its disabled members and their claims.

25.    Plaintiff has reasonable grounds to believe that it and its members are and will continue to be subjected to discrimination in violation of the Americans with Disabilities Act by the defendants.

26.   Plaintiff has handicapped members who have tried to access or who would try to access and utilize defendants' place or places of public accommodation but are denied full and fair access due to defendants' discrimination.

27.   Plaintiff has members who intend to access defendants' place or places of public accommodation once defendants comply with the Americans with Disabilities Act.

28.   Plaintiff has members who are handicapped who have been and are denied full and fair access to defendants' place or places of public accommodation by defendants' failure to provide access as mandated by the Americans with Disabilities Act or who have had their access impeded by defendants' non-compliance with the Americans with Disabilities Act.

29.   Plaintiff's handicapped members have suffered and continue to suffer in various of their legally protected rights not to be discriminated against by any place of public accommodation by reasons of defendants' failure to remove barriers to access.

30.   The Americans with Disabilities Act was enacted to prohibit discrimination against handicapped persons such as Citizens Concerned About Disability Access, Inc.'s handicapped members.   Defendants' failure to comply with the requirements of the Americans with Disabilities Act discriminates against members of Citizens Concerned About Disability Access, Inc. who reside in the geographic area proximate to defendants' facility and who have had their access to defendants' facility impeded by defendants' failure to comply with the law.

31.   Defendants own, lease, lease to, or operate a place or places of public accommodation as defined by the Americans with Disabilities Act and the regulations implementing the Americans with Disabilities Act.  28 C.F.R. § 36.201(a) and § 36.104.

32.   Defendants are responsible for complying with the obligations of the Americans with

Disabilities Act.

OTHER FACTS RELATING TO THE INSTANT CLAIM,
JURISDICTION, THE PARTIES, AND STANDING

33.   The place(s) of public accommodation that the defendants JAMES F. MAJOR; SUSAN

MAJOR; PANGO-PANGO SWIMWEAR CORPORATION; and SUSANE'S NAIL SALON

own, operate, lease, and/or lease to are known as and are located at a building called The

Major Building and at businesses called Pango-Pango Swimwear and Susane's Nail Salon

located at 1905 E. Atlantic Boulevard, Pompano Beach, Florida.

34.   Defendants facilities share certain common areas, e.g., parking lots and accessible routes.

35.   Defendants are required to remove architectural barriers to the physically disabled when such

removal is readily achievable for their place(s) of public accommodation that have existed

prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an

alteration to defendants' place(s) of public accommodation since January 26,1992, then the

defendants are required to ensure to the maximum extent feasible that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally if the defendants' facility or

facilities is or are one(s) which were designed and constructed for first occupancy subsequent

to January 26, 1993 as defined in 28 C.F.R. § 36.401 then the defendants' facility or facilities

must be readily accessible to and useable by individuals with disabilities as defined by the

Americans with Disabilities Act.

36.   Appendix A to Part 36 – Standards for Accessible Design (28 C.F.R. Part 36, App. A) sets

forth guidelines for accessibility for buildings and facilities.  These guidelines are to be applied

during design, construction and alteration of such buildings and facilities to the extent

required by regulations issued by federal agencies, including the Department of Justice, under the Americans with Disabilities Act.

37.    Defendants have discriminated against the individual and corporate plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 C.F.R. §36.302 et seq., as described below.

38.    Defendants have discriminated and are discriminating against the plaintiffs in violation of the Americans with Disabilities Act by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000.00 or less). See, e.g., attached photographs – Exhibits l-2.

39.    Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable attorneys' fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these attorneys' fees, costs and expenses from the defendants pursuant to 42U.S.C. § 12205 and 28 C.F.R. § 36.505.

40.    Notice to defendants is not required as a result of the defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by plaintiffs or waived by the defendants.

41.    Plaintiff has actual notice that defendants do not intend to comply with the Americans with Disabilities Act in respect to architectural barrier removal since defendants failed to comply when plaintiff specifically requested that barriers be removed.

42.   Plaintiff and its members are without adequate remedy at law and are suffering irreparable harm.

43.   Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant injunctive relief including an order to alter the defendants' facility or facilities to make those facilities readily accessible to the plaintiff and its members and all other persons with disabilities as defined by the Americans with Disabilities Act; or by closing the facility either temporary or permanently until such time as the defendants cure their violations of the Americans with Disabilities Act.

44.   Within the past three months, a member of Citizens Concerned About Disability Access, Inc. went to defendants' place(s) of public accommodation known as The Major Building for the purpose of entering the facility(ies) and visiting and patronizing the place(s) of public accommodation known as The Major Building, Susane's Nail Salon, and Pango-Pango Swimwear.

45.   In attempting to enter and use the facilities, this member of Citizens Concerned About Disability Access, Inc. encountered architectural barriers violative of the Americans with Disabilities Act.

46.   This member of Citizens Concerned About Disability Access, Inc., and other members, intend to visit and patronize defendants' place or places of public accommodation once the defendants have complied with the Americans with Disabilities Act.

47.   This member of Citizens Concerned About Disability Access, Inc. has a handicapped child who is wheelchair bound and who, like other members of Citizens Concerned About Disability Access, Inc., is disabled within the meaning of the Americans with Disabilities Act.

48.    This member of Citizens Concerned About Disability Access, Inc. sought access to the facilities of the defendants. The facilities, however, were not readily accessible to or usable by her wheelchair bound daughter, and due to this barrier to access she and her daughter are unable to utilize said facilities unless and until defendants comply with the Americans with Disabilities Act.

49.    As a direct and proximate result of defendants' denial to this member of Citizens Concerned About Disability Access, Inc. of facilities that were readily accessible to and usable by persons such as this member of Citizens Concerned About Disability Access, Inc.'s child who use a wheelchair, this member of Citizens Concerned About Disability Access, Inc. and her child, also a member of Citizens Concerned About Disability Access, Inc., suffered inconvenience and the indignity and stigma of discrimination.

50.    At all times relevant to this action, the Americans with Disabilities Act of 1990 (Americans with Disabilities Act), 42 U.S.C. § 12101 *et seq.,* was in full force and effect in the United States.

51.    The Americans with Disabilities Act expressly prohibits, inter alia, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. Under the terms of the Americans with Disabilities Act, discrimination includes a failure to remove architectural barriers, where such removal is readily achievable.

52.    The handicapped members of Citizens Concerned About Disability Access, Inc. are individuals with a disability within the meaning of the Americans with Disabilities Act

10

because said individuals have physical impairments that substantially limit one or more major life activities.

53.    Defendants are persons who own, lease, lease to, or operate a place of public accommodation within the meaning of the Americans with Disabilities Act because defendant own, lease, lease to, or operate the establishments at The Major Building and/or Susane's Nail Salon and/or Pango-Pango Swimwear and such establishments include sales or service establishments the operations of which affect commerce.

54.    For at least the past three months, and continuing through the present, defendants have violated and are violating the Americans with Disabilities Act because they discriminated and are discriminating against plaintiff and its members on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of the defendants place or places of public accommodation, and because defendants failed to undertake readily achievable removal of architectural barriers.

55.    One of the most important parts of the Americans with Disabilities Act was Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.*

56.    As relevant to the present action, discrimination includes "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

57.    In the event that the removal of the barrier was not readily achievable, the United States Department of Justice has by regulation required that the public accommodation be made

available through alternative methods, if these methods are readily achievable. 28 C.F.R.
§ 36.305(a).

58.    Defendants could easily make alternations to their place(s) of public accommodation for
persons who use wheelchairs or who have other disabilities.

### Count 1 - As to James F. Major and Susan Major

59.    Plaintiffs adopt the foregoing paragraphs 1 through 58 as if fully incorporated herein.
Additionally plaintiffs state as follows as to JAMES F. MAJOR and SUSAN MAJOR:

60.    Upon information and belief, defendants JAMES F. MAJOR and SUSAN MAJOR are the
owners of The Major Building located at 1905 E. Atlantic Boulevard, Pompano Beach,
Florida.

61.    The place(s) of public accommodation that the defendants JAMES F. MAJOR and SUSAN
MAJOR own, operate, lease, or lease to is known as and is located at: a building called The
Major Building and at businesses within that building called Pango-Pango Swimwear and
Susane's Nail Salon.

62.    The Major Building is a place of public accommodation within the meaning of the
Americans with Disabilities Act because it contains sales or service establishments the
operations of which affect commerce.

63.    The improper facilities are described more fully in the following paragraphs.

    a.    Defendant has failed to have parking spaces in conformity with the Americans with
    Disabilities Act's requirements.    Defendant's facility fails to meet the required
    standards.

    b.    ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that

12

accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. Defendant's facility fails to meet the required standard.

ADAAG Sec 4.6.3 (Parking Spaces) provides that accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Americans with Disabilities ActAG Sec. 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7. Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the

accessible space. Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. Defendant's facility fails to meet the required standard.

d.    ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. Defendant's facility fails to meet the required standard.

e.    ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| | |
|---|---|
| 1 to 25 | 1 space |
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |

01 to 500        9
501 to 1000    2 percent of total
1001 and over 20. plus 1 for each 100 over 1000

Defendant's facility fails to meet the required standard.

f.     ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by ADAAG Sec. 4.6.4. The vertical clearance at such spaces shall comply with ADAAG Sec. 4.6.5. All such spaces may be grouped on one level of a parking structure. Defendant's facility fails to meet the required standard.

g.     There is a change in level from the parking lot to the sidewalk which leads to the entrance that exceeds the maximum required height of 1/2inch as per ADAAG Sec.4.5.2 et seq.

h.     Defendant has failed to have accessible routes in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

i.     ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.3. Defendant's facility fails to meet the required standard.

j.     ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent

15

feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings. facilities. elements, and spaces that are on the same site; and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route shall connect at least one accessible entrance of each accessible dwelling unit with those exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

k.      ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ActAG Sec. 4.7 or 4.8. Defendant's ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in Americans with Disabilities ActAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ActAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans with Disabilities ActAG

16

Sec. 3.5. Defendant's facility fails to meet the required standard.

l     Defendant has failed to conform with the Americans with Disabilities Act's requirements on ground and floor surfaces. Defendant's facility fails to meet the required standards.

m.    ADAAG Sec. 4.5.1 (General) provides that ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5. Defendant's facility fails to meet the required standard.

64.    The discriminatory violations described above are not an exclusive list of the defendant's ADA violations. Plaintiffs require an inspection of the defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

65.    The correction of these violations of the ADA is readily achievable or the defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

66.    Plaintiffs seek the relief set forth below in the prayer for relief.

## Count 2 - As to Susane's Nail Salon

67.    Plaintiffs adopt the foregoing paragraphs 1 through 59 as if fully incorporated herein. Additionally plaintiffs state as follows as to SUSANE'S NAIL SALON:

68.    Susane's Nail Salon is a place of public accommodation within the meaning of the Americans with Disabilities Act because it is a sales or service establishment the operations of which affect commerce.

17

69.    The improper facilities are described more fully in the following paragraphs.

a.    Defendant has failed to have parking spaces in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

b.    ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. Defendant's facility fails to meet the required standard.

c.    ADAAG Sec. 4.6.3 (Parking Spaces) provides that accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Americans with Disabilities ActAG Sec. 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must

18

either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7. Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space. Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. Defendant's facility fails to meet the required standard.

d.    ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. Defendant's facility fails to meet the required standard.

e.    ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| 1 to 25 | 1 space |
|---------|---------|
| 26 to 50 | 2 spaces |

| | |
|---|---|
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 01 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100 over 1000 |

Defendant's facility fails to meet the required standard.

f.     ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by ADAAG Sec. 4.6.4.  The vertical clearance at such spaces shall comply with ADAAG Sec. 4.6.5.   All such spaces may be grouped on one level of a parking structure.  Defendant's facility fails to meet the required standard.

g.     There is a change in level from the parking lot to the sidewalk which leads to the entrance that exceeds the maximum required height of 1/2inch as per ADAAG Sec.4.5.2 et seq.

h.     Defendant has failed to have accessible routes in conformity with the Americans with Disabilities Act's requirements.  Defendant's facility fails to meet the required standards.

i.     ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.3.  Defendant's facility fails to meet the required standard.

20

j.    ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site, and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route shall connect at least one accessible entrance of each accessible dwelling unit with those exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

k.    ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ActAG Sec. 4.7 or 4.8. Defendant's ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp,

21

elevator, or platform lift (as permitted in Americans with Disabilities ActAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ActAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans with Disabilities ActAG Sec. 3.5. Defendant's facility fails to meet the required standard.

1.    Defendant has failed to conform with the Americans with Disabilities Act's requirements on ground and floor surfaces. Defendant's facility fails to meet the required standards.

??.    ADAAG Sec. 4.5.1 (General) provides that ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5. Defendant's facility fails to meet the required standard.

70.    The discriminatory violations described above are not an exclusive list of the defendant's ADA violations. Plaintiffs require an inspection of the defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

71.    The correction of these violations of the ADA is readily achievable or the defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

72.    Plaintiffs seek the relief set forth below in the prayer for relief.

### Count 3 - As to Pango-Pango Swimwear Corporation

73.    Plaintiffs adopt the foregoing paragraphs 1 through 59 as if fully incorporated herein. Additionally plaintiffs state as follows as to Pango-Pango Swimwear Corporation:

22

74.     Pango-Pango Swimwear Corporation is a place of public accommodation within the meaning of the Americans with Disabilities Act because it is a sales or service establishment the operations of which affect commerce.

75.     The improper facilities are described more fully in the following paragraphs.

a.      Defendant has failed to have parking spaces in conformity with the Americans with Disabilities Act's requirements.  Defendant's facility fails to meet the required standards.

b.      ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. Defendant's facility fails to meet the required standard.

c.      ADAAG Sec. 4.6.3 (Parking Spaces) provides that accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Americans with Disabilities ActAG Sec. 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.  An essential consideration for any aisle is having the

23

access aisle level with the parking space.  Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area.  The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility.  The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7.  Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries.  It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space.  Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops.  Defendant's facility fails to meet the required standard.

d.  ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility.  Such signs shall be located so they cannot be obscured by a vehicle parked in the space.  Defendant's facility fails to meet the required standard.

e.  ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below.  Spaces required by the table need not be provided in the particular lot.

24

They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| | |
|---|---|
| 1 to 25 | 1 space |
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 01 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100 over 1000 |

Defendant's facility fails to meet the required standard.

f.  ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by ADAAG Sec. 4.6.4. The vertical clearance at such spaces shall comply with ADAAG Sec. 4.6.5. All such spaces may be grouped on one level of a parking structure. Defendant's facility fails to meet the required standard.

g.  There is a change in level from the parking lot to the sidewalk which leads to the entrance that exceeds the maximum required height of 1/2inch as per ADAAG Sec.4.5.2 et seq.

h.  Defendant has failed to have accessible routes in conformity with the Americans with

Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

i.     ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.3. Defendant's facility fails to meet the required standard.

j.     ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site; and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route shall connect at least one accessible entrance of each accessible dwelling unit with those exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

k.     ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp

that complies with Americans with Disabilities ActAG Sec. 4.7 or 4.8. Defendant's ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ActAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in Americans with Disabilities ActAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ActAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans with Disabilities ActAG Sec. 3.5. Defendant's facility fails to meet the required standard.

l.      Defendant has failed to conform with the Americans with Disabilities Act's requirements on ground and floor surfaces. Defendant's facility fails to meet the required standards.

m.      ADAAG Sec. 4.5.1 (General) provides that ground and floor surfaces along accessible routes and in accessible rooms and spaces including floors, walks, ramps, stairs, and curb ramps, shall be stable, firm, slip-resistant, and shall comply with 4.5. Defendant's facility fails to meet the required standard.

76.      The discriminatory violations described above are not an exclusive list of the defendant's ADA violations. Plaintiffs require an inspection of the defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

77.      The correction of these violations of the ADA is readily achievable or the defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

27

78.     Plaintiffs seek the relief set forth below in the prayer for relief.

### Prayer for Relief

79.     WHEREFORE, plaintiffs respectfully request:

a.     Issue a declaratory judgment finding that defendants have violated the Americans with Disabilities Act and thereby discriminated against plaintiff and its members.

b.     Issue a temporary injunction and a permanent injunction providing for injunctive relief against the defendants including an order to make all readily achievable alterations to the facility or facilities or to make such facility or facilities readily accessible to and usable by individuals with disabilities to the extent required by the Americans with Disabilities Act.

c.     An award of attorneys' fees, costs and litigation expense pursuant to 42 U.S.C. § 12205 and as otherwise available.

d.     Such other relief as the Court deems just and proper.

Respectfully submitted,

_____
Lance J. Wogalter
Lance J. Wogalter, P.A.
Florida Bar No. 932183
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel.    (954) 592-2184
Fax    (954) 725-1303
Counsel for Plaintiff



Exhibit 1



Exhibit 2

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**00-6235**

## I (a) PLAINTIFFS

CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation; OGRISTLL MARTINEZ, individually and as mother and natural guardian of her daughter, JENELE MARTINEZ, a minor; and JENELE MARTINEZ, individually

## DEFENDANTS

JAMES F. MAJOR; SUSAN MAJOR; PANGO-PANGO SWIMWEAR CORPORATION; and SUSANE'S NAIL SALON.

### CIV-UNGARO-BENAGES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lance J. Wogalter. Lance J. Wogalter, P.A., 3712 W. Hillsboro Blvd., Deerfield Beach, FL 33442    Tel. (954) 592-2184

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE BROWN**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12181, et seq.

**IVa.** 2    days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | B CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):    JUDGE _____    DOCKET NUMBER _____

DATE 2/15/00

SIGNATURE OF ATTORNEY OF RECORD

---

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 518600    Amount: $150.00

Date Paid: 02-16-00    M/fp: